# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENDA VAILLANCOURT,           )
                               )
        Plaintiff,              )
                               )
    v.                          )
                               )   Civil Action No. 10-347
MICHAEL J. ASTRUE,              )
Commissioner of Social Security, )
                               )
        Defendant.              )

## MEMORANDUM OPINION AND ORDER OF COURT

Plaintiff, Glenda Vaillancourt, commenced the instant action on March 16, 2010, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II and XVI of the Social Security Act, 42 U.S.C. §401 *et seq*, §1381 *et seq*. Plaintiff filed an application for SSI and DIB on June 19, 2007, alleging that she was disabled since January 1, 2003, due to degenerative disc disease and chronic obstructive pulmonary disease. (R. at 126-132, 152). Her application was initially denied, and Plaintiff requested a hearing before an administrative law judge ("ALJ") (R. at 58-59). A hearing was held on April 3, 2009, and following this hearing, the ALJ found that Plaintiff was not disabled at any time through the date of the decision, and therefore was not eligible for SSI or DIB benefits (R. at 10-18). Plaintiff's request for review by the Appeals Council was denied (R. at 1-3), rendering the Commissioner's decision final under 42 U.S.C. § 405(g). The instant action challenges the ALJ's decision. Presently pending before the Court are cross-motions for summary judgment. Upon analysis and consideration of each submission, and as set forth herein, the decision of the

1

Administrative Law Judge is affirmed and Plaintiff's motion for summary judgment is denied.

## I. Standard of Review

When reviewing a decision denying DIB and SSI, the district court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

To be eligible for social security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. §404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404

2

subpt. P., appx. 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiffs's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

## II. Discussion

In support of the motion for summary judgment, Plaintiff argues that the ALJ improperly found Plaintiff's statements as to the intensity of her back, shoulder and knee pain less than fully credible. In the ALJ's decision, it was determined that Plaintiff was not disabled at the fifth step of the sequential evaluation process. (R. at 12-17). The ALJ found that Plaintiff suffered from chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine, status post hemilaminectomy, status post right knee arthroplasty, status post right shoulder surgery, hyperlipidemia, diabetes mellitus, acid reflux, celiac disease, greater trochanter bursitis, cervicothoracic myalgia and depression, which were deemed to be severe impairments under 20 C.F.R. §404.1521 *et seq.* (R. at 11). The ALJ determined that these impairments did not meet or medically equal the listed impairments found in 20 C.F.R. Pt. 404, Subpt. P., Appx. 1. (R. at 12). The ALJ found that Plaintiff was unable to return to her past relevant work, however, she would have the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(b) except that she must be able to alternate between sitting for 45 minutes and standing for 15 minutes every hour, she must be able to stretch and move about 2-3 minutes each hour, she is limited to

3

simple, routine, repetitive work not performed in a fast paced environment, she must work in a relatively low stress environment with relatively few changes, she must avoid even moderate exposure to dust, fumes, gases, hor and cold temperature extremes, and extreme dampness and humidity, and she cannot perform right arm lifting. (R. at 12). The ALJ concluded that jobs falling within the confines of Plaintiff's residual functional capacity existed in significant numbers in the local and national economy and she was therefore not disabled under the Act. (R. at 16-17).

According to the regulations, there is a two-step process an ALJ must follow in evaluating a claimant's subjective complaints. First, the ALJ must determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. *See SSR* 96-7p, 1996 WL 374186, at *2. If such an impairment exists, then the ALJ must determine the extent to which the claimant's allegations are credible by evaluating "the intensity and persistence of the pain or symptom, and the extent to which it affects the [claimant's] ability to work.." *Hartranft v. Apfel,* 181 F.3d 358, 362 (3d Cir. 1999).

In making this determination, the ALJ should consider the objective medical evidence as well as other factors such as the claimant's own statements, the claimant's daily activities, the treatment and medication the claimant has received, any statements by treating and examining physicians or psychologists, and any other relevant evidence in the case record. *See* 20 C.F.R. § 416.929(c); *SSR* 96-7p, 1996 WL 374186 at *2. In this regard, there must be objective evidence of some condition that could reasonably produce the alleged pain or symptoms but there need not be objective evidence of the actual pain or symptoms. *See Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir. 1993); *Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir. 1984). "An ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective

4

medical evidence." *Mason*, 994 F.2d at 1067 (citing *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)). Further, "[w]here medical evidence does support a claimant's complaints of pain, the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." *Mason*, 994 F.2d at 1067; *see also Carter v. Railroad Retirement Bd.*, 834 F.2d 62, 65 (3d Cir. 1987); *Ferguson*, 765 F.2d at 37. Finally, the ALJ as the finder of fact can reject, partially or fully, subjective complaints if he finds them not credible based on other evidence in the record. *See Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ is empowered to evaluate the credibility of witnesses and his determination is entitled to deference by this Court. *See Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

In the decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, however, Plaintiff's statements concerning the intensity, persistence and limiting effects was not found to be entirely credible because they were inconsistent with record and Plaintiff's residual functional capacity. (R. at 15). In support of his conclusion the ALJ states the following:

> Claimant alleges that she suffers from pulmonary impairments, but despite the repeated warnings from her physicians to stop smoking, she continue to smoke. Claimant alleged that she experiences chronic back and knee pain, and limited shoulder mobility, but declined to participate in the recommended treatment modalities to improve her functional abilities. Claimant also refused to consider pain management options suggested by the pain management specialist. Moreover, claimant requested a pain management referral under the guise of reducing her use of Percocet, however, once she was referred to pain management, she insisted being prescribed Percocet along with fentanyl. Claimant's activities of daily living are also inconsistent with her allegations of chronic debilitating pain. She reported that she is able to care for young children, prepare meals, ho housework, drive and shop.

(R. at 15-16).

Plaintiff, in her brief in support of summary judgment, points to medical records the she purports to support her testimony of the intensity of her pain symptoms. (Docket No. 10 at 4-6). These records, however, were cited by the ALJ in his consideration of Plaintiff's residual functional capacity. (R. at 13-15). As a result, the ALJ did not improperly disregard or ignore medical evidence in the record. Rather, Plaintiff argues that the ALJ did not properly set forth medical evidence that could reasonably be found to dispute Plaintiff's credibility.

The ALJ did cite to records, however, where Plaintiff's doctors' stated that her back and knees was doing well. Furthermore, the ALJ pointed to the treatment notes of Plaintiff's pain specialist, Dr. Oteng, that stated that Plaintiff "dramatized her symptoms" where she routinely reported her pain to be 10 out of 10 in intensity. (R. at 647). The Commissioner's brief also points out that the ALJ found that Plaintiff's residual functional capacity was less than what the state agency physician opined, thus giving Plaintiff the benefit of the doubt. (R. at 15, 541-47).

Because the ALJ did not improperly disregard or fail to consider any of the medical evidence, and since there exists medical evidence in the record that could reasonably be found to contradict the intensity of Plaintiff's alleged pain symptoms, the ALJ's findings as to Plaintiff's credibility is supported by substantial evidence and must be afforded deference. As a result, the ultimate decision by the ALJ in finding that Plaintiff was not disabled under the Act is supported by substantial evidence in the record and the decision must be affirmed.

### III. Conclusion

In viewing the record as a whole, substantial evidence supports the Commissioner's final decision and therefore it will be affirmed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA VAILLANCOURT,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 10-347<br>)<br>)<br>)<br>) |

## ORDER

AND NOW, this 29th day of December, 2010, and for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment [Doc. No. 9] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. No. 11] is GRANTED.

_____, C.J.
Gary L. Lancaster
Chief United States District Judge

cm: All parties of record.

7